UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CORY O'NEAL COOPER | CIVIL ACTION NO. 05-1429-M |
| VS. | SECTION P |
| STATE OF LOUISIANA, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a pro se civil rights complaint (42 U.S.C. §1983) filed by plaintiff Cory O'Neal Cooper on August 3, 2005. When he filed the complaint, plaintiff was an inmate in the custody of the Louisiana Department of Public Safety and Corrections; he was incarcerated at the Union Parish Detention Center. On October 17, 2005 plaintiff advised the court that he had been released from custody. He provided what are apparently residential addresses in Ruston, Louisiana and Irving, Texas. Plaintiff claims that he was wrongfully incarcerated from February 13, 2004 – August 21, 2004. He seeks his immediate release from custody and damages for false imprisonment. He has named the State of Louisiana and the Office of Probation and Parole as his sole defendants.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner's complaint provides few facts. He claims, "I was incarcerated for a six month period that by law I am entitled but yet and still I've been unable to receive credit for. I feel this

1

is a violation of civil rights and by law I am entiled [sic] to be compensated monetarily under the guidelines for false imprisonment. The dates I was incarcerated are February 13, 2004 – August 21, 2004." [Doc. 1-1, paragraph IV]

Petitioner prays for his immediate release and for monetary compensation for his unjust and unconstitutional incarceration. [Doc. 1-1, paragraph V]

## LAW AND ANALYSIS

1. *Habeas* Claims

The details of plaintiff's complaint are difficult to decipher; but the broad contours are clear enough – plaintiff claims that he remained falsely imprisoned beyond the date of his scheduled release. He prayed for both monetary damages and his immediate release from custody. Thus, to the extent that plaintiff seeks his immediate release from incarceration, he is advised that such relief is not available by way of a civil rights action.[1]   See *Carson v. Johnson*,

---

[1] There are other reasons which suggest that a civil rights complaint is inappropriate. In *Muhammad v. Close*, 540 U.S. 749, 750-751, 124 S.Ct. 1303, 1304, 158 L.Ed.2d 32 (2004), the Court noted: "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for *habeas corpus*, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*, *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a § 1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in *habeas*, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), we held that where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." [emphasis supplied] Thus, to the extent that plaintiff's complaint may properly be construed as a civil rights complaint, it would be subject to dismissal in accordance with *Heck*.

112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dept. of Criminal Justice Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994) (holding that a § 1983 action is appropriate for recovering damages resulting from illegal administrative procedures, but *habeas* is the appropriate federal remedy for a state prisoner challenging the fact of his confinement). "A *habeas* petition, on the other hand, is the proper vehicle to seek release from custody." *Carson v. Johnson*, 112 F.3d at 820. "[I]n instances in which a petition [or complaint] combines claims that should be asserted in *habeas* with claims that properly may be pursued as an initial matter under §1983, and the claims can be separated, federal courts should do so, entertaining the §1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir.1987).

The undersigned therefore concludes that since success in this action would result in plaintiff's immediate release, this pleading should be construed as a petition for writ of *habeas corpus* under either 28 U.S.C. §2241 or §2254.[2] As stated above, a *habeas* petition is a vehicle to seek release from custody. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Petitioner

---

[2] As is shown hereafter, the petitioner does not challenge his convictions; instead, he challenges the computation of his sentences. "An application for a writ of *habeas corpus* under §2254 is the proper method for a prisoner's challenge to the calculation of his time credits." *Whitehead v. Johnson*, 157 F.3d 384, 385-86 n. 1 (5th Cir.1998) (citing *Clarke v. Stalder*, 154 F.3d 186, 193-94 (5th Cir.1998) (*en banc*)). Thus, this Court has jurisdiction over the subject matter and parties pursuant to 28 U.S.C. §§ 2241 and 2254. See also *Carmona v. Andrews*, 357 F.3d 535 (5th Circuit 2004). But see *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (28 U.S.C. § 2241 provides the exclusive federal remedy available to state prisoners challenging the fact or duration of confinement and seeking speedier or immediate release.)

Here, petitioner does not seek to undo his convictions, (as would be the case under 28 U.S.C. §2254) but instead asks the court to correct the alleged unconstitutional actions of the defendants that have resulted in his continued incarceration beyond the date upon which he contends he should have been released. See also 28 U.S.C. §2241(c)(3) and, *Ojo v. INS*, 106 F.3d 680, 683 (5th Cir.1997) (holding that section §2241 is the proper vehicle to attack the manner in which a sentence is being executed).

has apparently been released from custody. Once a dispute is resolved, it is moot. *American Medical Ass'n v. Bowen*, 857 F.2d 267, 270-71 (5th Cir.1988). A case is moot if the issues presented are no longer live or if the parties have no cognizable interest in the outcome. *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287, 120 S.Ct. 1382, 146 L.Ed.2d 265 (2000). To the extent that petitioner sought release from custody, his claim became moot when such release was granted.

Of course, even if petitioner's claims were not made moot by his release, dismissal based upon his failure to exhaust available state court remedies is appropriate. Federal law is clear – a state prisoner must exhaust available state court remedies as to each and every ground upon which he claims entitlement to *habeas corpus* relief whether suit is filed pursuant to 28 U.S.C. § 2241 or § 2254(b). *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Also see *Serio v. Members of Louisiana Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1989). Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 523, 102 S.Ct. at 1205.

As stated above, when a state prisoner claims that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of *habeas corpus*. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Since petitioner seeks release from custody and since *habeas corpus* is his sole remedy,

4

he must comply with the statutory and jurisprudential requirements concerning exhaustion.

A federal district court may notice *sua sponte* the lack of exhaustion. *Shute v. State*, 117 F.3d 233, 237 (5th Cir.1997). Federal courts can dismiss without prejudice a federal petition for writ of *habeas corpus* that contains unexhausted grounds for relief. See *Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). A federal *habeas* petition that contains unexhausted claims must be dismissed in its entirety. *Thomas v. Collins*, 919 F.2d 333, 334 (5th Cir.1990); *Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir.1986).

Petitioner admits that he did not exhaust administrative remedies prior to filing suit, and, a review of the reliable published jurisprudence establishes that he did not fully exhaust his state court remedies prior to the filing of suit. The presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court cases involving the petitioner.

It is therefore clear that the present *habeas* claims have not been fully and fairly presented to the Louisiana courts, and especially the Louisiana Supreme Court, and the claims therefore remain unexhausted.

## 2. Civil Rights Claims

Plaintiff also seeks monetary damages for false imprisonment. When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; *Ali v. Higgs*, 892

5

F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir.1991). A district court may dismiss such prisoner suits as frivolous based upon the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir.1986).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff has pled his best case; this matter is susceptible of resolution on initial review.

To the extent that plaintiff seeks to recover money damages from the State of Louisiana and the State's Department of Probation and Parole, his complaint must also be dismissed because of the doctrine of sovereign immunity.

Sovereign immunity is a fundamental aspect of the sovereignty that the states enjoyed before the ratification of the Constitution and the Eleventh Amendment, and it was preserved intact by the Constitution. *Alden v. Maine*, 527 U.S. 706, 713, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). The presupposition or concept of state sovereign immunity "has two parts: first, that each State is a sovereign entity in our federal system; and second, that it is inherent in the nature of sovereignty not to be amenable to the suit of an individual without its consent." *Florida Prepaid Postsecondary Educ. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 634, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)(quoting *Hans v. Louisiana* 134 U.S. 1, 13, 10 S.Ct. 504, 33 L.Ed. 842

(1890)).

Although a state may waive its Eleventh Amendment sovereign immunity, the State of Louisiana has not done so. See *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360-61, 39 L.Ed.2d 662 (1974) (holding that a state's consent to suit against it in federal court must be expressed "unequivocally"). The State of Louisiana is immune from suit. Further, the Department has sovereign immunity as an agency of the state of Louisiana. *Champagne v. Jefferson Parish Sheriff'' Office*, 188 F.3d 312, 313-14 (5th Cir.1999). Thus, plaintiff's civil rights claims against the state of Louisiana and its agency, the Department of Probation and Parole is also subject to dismissal.

Additionally, sovereign immunity is not the only bar to plaintiff's suit. Plaintiff admits that he did not exhaust available administrative remedies prior to filing this suit.

The Civil Rights of Institutionalized Persons Act, 42 U.S.C. §1997e(a), which makes the exhaustion requirement mandatory in prison conditions cases, provides as follows:

> (a) Applicability of Administrative Remedies – No action shall be brought with respect to prison conditions under section 1983 of this title or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff was an inmate in the legal custody of the Louisiana Department of Public Safety and Corrections; he was obliged to ultimately appeal adverse decisions of the jail administration to the Secretary of the Department as provided by the law of Louisiana. Administrative remedies procedures have been adopted by the Louisiana Department of Corrections, sheriff's maintaining parish jails or correctional centers, and private corporations maintaining correctional centers. See

LSA R.S. 15:1171 *et seq.*; 22 LA ADC Pt. I, § 325(LAC 22:I.325); LR 28:857 (April 2002) (28:4 La.Reg. 857) Administrative Remedies Procedures were clearly available to him. Even if the local authorities ignored his grievances, he was obliged to seek redress with the Secretary of the Louisiana Department of Public Safety and Corrections prior to filing suit. He admits that he did not do so.

Nevertheless, since it is apparent that plaintiff's claims are frivolous, it is deemed more appropriate to dismiss the complaint on that basis rather than on the basis of plaintiff's apparent failure to exhaust administrative remedies. In the event that plaintiff files objections to this Report and Recommendation as provided below, he should include with his objection proof that he fully exhausted administrative remedies by filing grievances with the Secretary of the Louisiana Department of Public Safety and Corrections prior to filing suit.

**IT IS RECOMMENDED** that this complaint be construed as a petition for *habeas corpus* and that it be **DENIED AND DISMISSED WITHOUT PREJUDICE** since it plainly appears from the face of the petition and exhibits that the petitioner has failed to exhaust all available state court remedies.

**IT IS FURTHER RECOMMENDED** that plaintiff's civil rights claim be dismissed as frivolous because it seeks monetary damages against defendants who are immune from such relief as provided by 28 U.S.C. §1915(e)(2)(B)(i) and (iii).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any

objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 15th day of December, 2005.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE